## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| David T Marrett and Sandy J. Marrett, | ) ) ) | |
| *Appellants*, | ) ) | |
| v. | ) ) | Civil Action No. |
| | ) | 1:25-13671-MRG |
| Aroostook County Federal Savings & Loan, | ) ) | |
| *Appellee*. | ) ) | |
| | ) | |

## MEMORANDUM AND ORDER

**GUZMAN, J.**

Proceeding *pro se*, Appellants David T. Marrett and Sandy J. Marrett (collectively, "Appellants") appeal from an order of the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") denying Appellants' Motion to Strike Unauthorized Filings, for Clarification Regarding Attorney Admission, and to Compel Ruling on Pending Jurisdiction Motion (the "Order").

For the following reasons, the Bankruptcy Court's Order is **AFFIRMED**.

### I.    BACKGROUND

On July 22, 2025, Appellants filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. [ECF No. 6-1 at 1]. In the bankruptcy case, Appellants also commenced an adversary proceeding against several creditors, including Appellee Aroostook County Federal Savings & Loan ("Appellee"). [Id. at 2]. On August 1, 2025, Attorney Daniel L. Cummings moved for admission *pro hac vice* to represent Appellee. [Id. at 3]. The Bankruptcy Court granted the motion. [Id.] Appellants objected to Attorney Cummings' admission, arguing that his application failed to comply with the District Court's Local Rules governing *pro hac vice* admission. They

1

subsequently filed several motions advancing that argument, culminating in the Bankruptcy Court's December 1, 2025 Order, which is the subject of this appeal.

## II.     LEGAL STANDARDS

Federal district courts have jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy court and, with leave of court, certain interlocutory orders. 28 U.S.C. § 158(a). Because Appellants did not file a motion for leave to appeal, the Court construes the notice of appeal as such a motion pursuant to Fed. R. Bankr. P. 8004(d). The Court need not determine whether the Order is final because, to the extent it is interlocutory, leave to appeal is granted and the Court reaches the merits. On appeal, the bankruptcy court's legal conclusions are reviewed *de novo* and its factual findings for clear error. Irving Tanning Co. v. Kaplan, 876 F.3d 384, 389 (1st Cir. 2017).

## III.    DISCUSSION

Appellants principally contend that the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") conflict with the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts ("MLBR") with respect to the admission of attorneys not admitted to practice in the Commonwealth of Massachusetts. [ECF No. 14 at 2–4]. The Local Rules provide that "[a]n application for leave to practice in this court shall be made by motion of a member of the bar of this court, who shall also file an appearance." L.R. 83.5.3(e)(2). The MLBR, however, provides that "[a]n attorney seeking admission . . . need not apply for admission by motion of a member of the bar of this Court or the United States District Court for the District of Massachusetts." MLBR 9010-1(3). Appellants contend that Fed. R. Bankr. P. 9029 requires local bankruptcy rules to be consistent with the District Court's Local Rules and therefore prohibits the MLBR from adopting a different procedure.

2

The Court disagrees. Appellants' argument rests on a misreading of Rule 9029. The Rule provides that local bankruptcy rules must be "consistent with—but not duplicate—Acts of Congress and these rules." Fed. R. Bankr. P. 9029(a)(1)(A). In that provision, "these rules" refers to the Federal Rules of Bankruptcy Procedure—not the District Court's Local Rules. Rule 9029 does not require local bankruptcy rules to conform to the District Court's Local Rules. Instead, it authorizes bankruptcy-specific local rules governing practice before the bankruptcy court so long as those rules are consistent with federal law and the Federal Rules of Bankruptcy Procedure. See In re Gitto/Glob. Corp., 321 B.R. 367, 373 n.8 (Bankr. D. Mass.), aff'd sub nom. In re Gitto Glob. Corp., No. 05-10334-DPW, 2005 WL 1027348 (D. Mass. May 2, 2005), aff'd, 422 F.3d 1 (1st Cir. 2005) ("Bankruptcy Rule 9029 permits district courts to adopt local rules governing bankruptcy procedure provided that such rules are not inconsistent with the Bankruptcy Rules.").

Even if the Local Rules and the MLBR impose different admission requirements, Appellants' argument overlooks the relationship between the two. "The Bankruptcy Court of the District of Massachusetts is a unit of the District Court for the District of Massachusetts . . . and as such the District Court's rules apply to it unless the Local Rules of Bankruptcy speak with particularity to a question." In re Inbar, No. 91-11212-Z, 1991 WL 97529, at *1 (D. Mass. May 24, 1991) (cleaned up). Here, MLBR 9010-1(3) specifically governs *pro hac vice* admission in bankruptcy proceedings and expressly dispenses with the requirement that the application be made by a member of the bar of this Court or the District Court. Read together, the rules establish a general admission procedure for district court litigation and a bankruptcy-specific exception.

Because Attorney Cummings' admission complied with MLBR 9010-1(3), the Bankruptcy Court correctly rejected Appellants' challenge to his admission. To the extent Appellants seek additional relief predicated on the asserted invalidity of Attorney Cummings' admission, those requests likewise fail.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Bankruptcy Court's Order is **<u>AFFIRMED</u>**.

**SO ORDERED.**

Dated: August 7, 2026

 /s/ Margaret R. Guzman    
Margaret R. Guzman
United States District Judge
